UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**First Call International, Inc.,**

    Plaintiff,

v.                                                                           No. 4:23-CV-00199-P

**S&B Global, Inc.,**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff First Call International Inc. ("Plaintiff") sues S&B Global, Inc. ("Defendant"), and for cause of action shows:

1. As directed by this Court's Order of February 28, 2023, Plaintiff hereby amends its original complaint.
2. Plaintiff filed its original complaint in state court, i.e., Tarrant County District Court.
3. On February 27, 2023, Defendant filed a Notice of Removal to this Court.
4. In its Notice of Removal, Defendant conceded that it had been served with Plaintiff's complaint and citation in Korea and that jurisdiction over this matter is proper in this Court.
5. On March 3, 2023, this Court *sua sponte* ordered the parties to amend their pleadings, including Plaintiff's original complaint.
6. On March 8, 2023, this Court extended Plaintiff's deadline to file its amended complaint to March 21, 2023.
7. Damages sought by Plaintiff are within the jurisdictional limits of this court.
8. Plaintiff is a corporation organized and existing under the law of the State of Texas.
9. Plaintiff sells aerospace parts.
10. Defendant is a corporation organized and existing under the laws of Korea.
11. On January 1, 2009, Plaintiff and Defendant signed a Representative/Agency Agreement through which Defendant agreed to act as the exclusive sales agent in Korea for Plaintiff.
12. Defendant provided sales leads to Plaintiff for both long-term and short-term ("spot") contracts on aircraft parts for Korean Airlines.

13. In 2016, buyers for Korean Airlines informed Joe Pavlov that Sung-Jae Hwang was urging Korean Airlines to stop doing business with Plaintiff and to instead award contracts to Adept Fasteners.

14. Adept Fasteners was and is a direct competitor to Plaintiff.

15. The Korean Airlines buyers also explained to Joe Pavlov that, as a direct of result of what Sung-Jae Hwang had told them, FCI lost spot orders and long-term contracts with Korean Airlines.

16. Defendant did not inform Plaintiff that Defendant was representing Adept Fasteners.

17. Defendant did not inform Plaintiff that Defendant was undermining Plaintiff's relationship with Korean Airlines and was actively working against Plaintiff's financial interests.

18. By assisting Adept Fasteners to secure business from Korean Airlines, Defendant breached its contractual duty to exclusively represent Plaintiff in Korea.

19. By assisting Adept Fasteners to secure business from Korean Airlines, Defendant violated the long-established pattern, practices, and expectations of the parties.

20. Defendant damaged Plaintiff's sales to Korean Airlines on both spot orders and long-term contracts.

21. Among the Korean Airlines sales that Plaintiff lost because of Defendant's actions, Korean Airlines did not award a long-term (three-year) contract from 2019-2021 to Plaintiff. Korean Airlines instead awarded the contract to Plaintiff's competitors, including to Adept Fasteners.

22. As a result of Defendant's actions, Plaintiff lost at least $2.5 million in profits to Korean Arlines.

23. <u>Breach of Contract</u>. Defendant violated its contractual obligations to Plaintiff to serve as Plaintiff's exclusive sales agent in Korea. Defendant's breach resulted in the damages described above.

24. <u>Interference with Prospective Contracts and Business Relationships</u>. Defendant interfered with and damaged Plaintiff's relationship and standing with Korean Airlines thereby depriving Plaintiff of profits that Plaintiff would otherwise have received. Defendant's interference contributed to the damages described above. This cause of action is recognized by the courts. See <u>Deauville Corp. v. Federated Dep't Stores, Inc</u>., 756 F.2d 1183 (5th Cir. 1985); <u>Nursery Decals & More, Inc. v. Neat Print, Inc.</u>, 568 F. Supp. 3d 681 (N.D. Tex.), reconsideration denied, 575 F. Supp. 3d 740 (N.D. Tex. 2021); <u>Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.</u>, No. 3:18-CV-0587-N, 2021 WL 9145415 (N.D. Tex. Mar. 24, 2021); <u>Roehrs v. Conesys,</u>

Inc., No. 3:05-CV-829-M, 2006 WL 8437473 (N.D. Tex. Jan. 18, 2006); <u>McGowan & Co. v. Bogan</u>, 93 F. Supp. 3d 624 (S.D. Tex. 2015); <u>ProTradeNet, LLC v. Predictive Profiles, Inc.</u>, 369 F. Supp. 3d 788 (W.D. Tex. 2019); <u>Pureshield, Inc. v. Allied Bioscience, Inc.</u>, No. 4:20-CV-734-SDJ, 2021 WL 4492861 (E.D. Tex. Sept. 30, 2021); and <u>Priority Design & Serv., Inc. v. Plaza</u>, No. SA-19-CV-00058-OLG, 2019 WL 2124677 (W.D. Tex. May 15, 2019).

25. <u>Breach of Fiduciary Duty</u>. Defendant owed its fiduciary duty to Plaintiff that should have prevented Defendant as Plaintiff's exclusive agent from taking actions that directly harmed its principal, Plaintiff. Defendant violated that duty by secretly funneling business opportunities to Plaintiff's competitor while enriching itself. Defendant's breach contributed to the damages described above.

**PRAYER**

Plaintiff respectfully requests that the Court enter judgment against Defendant in the amount of at least $2.5 million in lost profits for breach of contract, lost revenue from interference with prospective contracts and business relationship, and breach of breach of fiduciary duty, plus award Plaint and any other relief to which Plaintiff is entitled.

Respectfully submitted,

<u>/s/ Oscar Gonzalez</u>
Oscar Gonzalez
Texas Bar No. 08129240
oscarg@internationaltrade.law
(469) 774-4793

<u>/s/ Ruth Rodriguez</u>

Ruth Rodriguez
Texas Bar No. 17148550
ruthr@internationaltrade.law
(469) 767-0367

Gonzalez Rolon et al, Attorneys
2911 Turtle Creek Boulevard, #300
Dallas, Texas 75219

**ATTORNEYS FOR PLAINTIFF**

March 20, 2023