UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FIRST CALL INTERNATIONAL, INC.,**

   Plaintiff,

v.                                                                  No. 4:23-cv-00199-P

**S&B GLOBAL, INC., ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

Upon review of the record, it is the Courts view that the Northern District of Texas is not the correct forum for this case. Accordingly, the Court **TRANSFERS** this matter to the Central District of California.

## BACKGROUND

This case arises from a 2009 contract between Plaintiff First Call International, Inc. ("First Call") and Defendant S&B Global, Inc. The contract governed from 2009 until the end of 2014. In 2020, S&B Global filed suit against First Call in South Korea where they were successful both at the district level in April 2022 and on appeal in April 2023. In February 2023, First Call filed suit in Texas state court alleging various causes of action against S&B Global. S&B Global removed to federal court at the end of February 2023. First Call then filed their first of multiple amended complaints in March 2023. They then filed their Second Amended Complaint in April 2023, adding new defendants S&B Global America, Inc. ("SBGA"), Sung Jae Hwang, and Bo Yoon Chi. They then filed a Third Amended Complaint in July 2023, where they added Sage Aerospace Inc (SAI) as a defendant as well as six additional causes of action. Defendants filed Motions to Dismiss at each turn. Now, before the Court sits six Motions to Dismiss the Third Amended Complaint and two Amended Motions to Dismiss, filed collectively by the five Defendants.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil case to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice". District courts have broad discretion in deciding whether to order a transfer. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008). A district court can raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Franklin v. GMAC Mortg.*, 2013 WL 2367791, at *1 (N.D. Tex. May 30, 2013) ("The Court may . . . issue a Section 1404(a) transfer order *sua sponte.*") (Fitzwater, J.).

## ANALYSIS

To determine whether to transfer a case, courts must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotations and citations omitted). In applying Section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). Once this determination is made, the court turns to the language of § 1404(a), which speaks to "the convenience of parties and witnesses" and "the interest of justice." *Id.*

This case could have been brought in the Central District of California. A civil action may be brought in a "judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. Here, four of the five defendants reside in the Central District of California: SBGA; SAI; Boo Yoon Choi; and Sung Jae Hwang. *See* ECF Nos. 81-1, 82-1, 83-1, 84-1. Since this matter could have been brought in the Central District of California, the Court must now determine

2

whether private- and public-interest factors weigh in favor of transfer under § 1404(a).

### A. Private-Interest Factors

The determination of "convenience" turns on several private- and public- interest factors. The Court will begin with the private-interest factors—none of which are given dispositive weight. *See In re Volkswagen AG,* 371 F.3d at 203.

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id.*

*First*, the Court will look at the relative ease of access to sources of proof. There is one plaintiff in this case and five defendants. While First Call is a Fort Worth company with ties to the Northern District of Texas, *none* of the five Defendants have significant ties to this district. S&B Global is a company headquartered in South Korea, with its principal place of business in South Korea, and all its corporate records are maintained in South Korea. *See* ECF No. 63 at 5. SBGA is a foreign corporation incorporated in California, with its principal place of business in California, and all its corporate records are maintained in California. *See* ECF No. 81-1 at 1. SAI is a foreign corporation incorporated in California, with its principal place of business in California, and all its corporate records are maintained in California. *See* ECF No 82-1 at 1. Boo Yoon Choi is a Korean citizen and the sole director and registered agent of SBGA and resides in California. *See* ECF No. 83-1 at 2–3; ECF No. 77. Sung Jae Hwang is a Korean citizen, is the President of S&B Global, and resides in California. *See* ECF 84-1 at 2–3; ECF No. 78. Five defendants, one with its records in Korea, two with its records in California, and two individuals with no ties to Texas who reside in California. Only one of the six parties to this case has any sources of proof in Texas.

*Second,* to the extent compulsory process is needed to secure the attendance of non-parties, such as employees of the Defendants, those

3

employees would be in either Korea or California, as none of the three corporate defendants have any employees in Texas. *See* ECF Nos. 63 at 5, 81-1, 82-1. The trip for any witnesses in California would clearly be much shorter to the Central District of California than to Fort Worth, Texas as would the trip for any witnesses in Korea.[1]

*Third*, the cost of attendance for willing witnesses weighs in favor of transfer. Given the nature of the claims and the likely witnesses, it is cheaper for any Korean witnesses to fly to the Central District of California, where four Defendants already are (who will likely be testifying) rather than fly any Korean witnesses *and* California Defendants to Fort Worth. Having the case in the Central District of California would only involve two parties having to travel (First Call and S&B Global) instead of five parties traveling (all the Defendants) if the trial were in Fort Worth. Given First Call traveled to Korea to litigate against S&B Global before, California should not be too onerous a burden.

*Fourth*, other practical concerns weigh strongly in favor of transfer. As noted above, four out of the five Defendants reside in California with the fifth being in Korea. Given First Call has litigated against S&B Global in Korea before and has acknowledged that this case could have been brought in California, they should have no issue with a transfer to California. *See* ECF No. 65 at 18.

**B. Public Interest Factors**

Next, the Court must consider whether public-interest factors weigh in favor of transfer. These public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance

---

[1] A flight from Seoul, South Korea to Los Angeles, California is roughly 12.5 hours, while a flight from Seoul, South Korea to Fort Worth, Texas is 14 hours (not including two-hour time difference). Compare: https://www.travelmath.com/flying-time/from/Seoul,+South+Korea/to/Fort+Worth,+TX, with https://www.travelmath.com/flying-time/from/Seoul,+South+Korea/to/Los+Angeles,+CA.

of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen AG,* 371 F.3d at 203.

*First*, the Court recognizes that the Central District of California has a busy docket. That is not to say that the Fort Worth Division doesn't also have one of the busiest dockets in the country. The Central District of California, in total, had 10,557 civil cases pending as of June 30, 2023, compared to 4,018 in the Northern District of Texas. However, it is worth noting that there are only sixteen judges in the Northern District of Texas, compared to thirty-four in the Central District of California. Having considered the interest of the courts' administrative burden, Central California's docket notwithstanding, the Court finds that other factors weigh in favor of transfer.

*Second*, there is an interest in having this dispute resolved in California. The case involves a Plaintiff suing a Korean company, two California companies, and two California residents regarding a contract signed in South Korea and governed by South Korean law. The fact that First Call feels the effects of any alleged wrongdoing in the Northern District of Texas does not establish a local interest in the Northern District of Texas superior to that of the Central District of California.

With regard to the *third* and *fourth* factors, South Korean law governs the contract surrounding this case and the case presents no conflict of law problems. Regardless of the case being in California or Texas, South Korean law will be applied.

Having considered these factors, the Court concludes that this case should be **TRANSFERRED.**

## CONCLUSION

This case does not belong in the Northern District of Texas. Both the private and public interest factors on balance favor transfer to California. As this Court's traditional venue rules clearly suggest that transfer to California is appropriate, and as the rules allow for this case to be brought where any Defendant resides, this Court concludes that this case should be **TRANSFERRED** to the Central District of California.

5

**SO ORDERED** on this **8th day of November 2023.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE